**In re Gary L. CHILDERS SS# 276–52–7340, Debtor.**

**Diana K. CHILDERS, Plaintiff,**

v.

**Gary L. CHILDERS, Defendant.**

**Bankruptcy No. 1–83–03257.**
**Adv. No. 1–84–0079.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 11, 1985.

John W. Thatcher, Portsmouth, Ohio, for Gary L. Childers.

J.B. Marshall, Portsmouth, Ohio, for Diana K. Childers.

### DECISION

BURTON PERLMAN, Bankruptcy Judge.

This adversary proceeding arises in the Chapter 7 bankruptcy case of debtor Gary L. Childers. Diana K. Childers, former wife of the debtor, is the plaintiff, and debtor is the defendant.

The complaint in the adversary proceeding sets forth a claim for nondischargeability of debts which are alleged to constitute alimony. It is alleged in the complaint and not denied that plaintiff obtained a divorce from defendant on December 6, 1983 and the parties entered into a Separation Agreement. The Separation Agreement provided that defendant was to indemnify plaintiff with respect to "certain debts and obligations". On December 15, 1983 defendant filed a bankruptcy petition and listed said debts and obligations in his bankruptcy schedule.

Plaintiff then filed a motion for summary judgment. An affidavit was furnished in connection therewith. For present purposes, the relevant recitation of the affidavit is that the marriage lasted for thirteen years. There are two children of the marriage. During the marriage, plaintiff worked in the business known as Childers

Trucking Company and in that time had no other significant income. The affidavit recites that plaintiff "is listed on approximately $54,000.00 in debts and obligations owing to BancOhio National Bank, of which Gary L. Childers agreed to hold her harmless from liability thereon." (The affidavit makes reference to further obligations upon which plaintiff is evidently indebted, but no assertion is made that defendant agreed to hold her harmless with respect to them.) The affidavit additionally states that plaintiff receives $125.00 gross salary per week from her present employment, that she has a twelfth grade education, and that she has no ability to pay the debts and obligations which are the subject of the indemnification.

In opposition to plaintiff's motion, defendant has also filed an affidavit. Therein he states that his current net income is approximately $800.00 per month and that his income at the time of the divorce was $1100.00 per month. We understand the affidavit to be asserting that defendant is paying $500.00 per month as support for his children. It is the position of defendant that the motion for summary judgment should be overruled because issues of fact and law are present which require a hearing.

It is evident that defendant is correct in this last assertion. The record presented to us is totally inadequate for summary judgment. From what is presented by plaintiff, it is not possible for us to tell what scope of relief is sought, that is, what debts are asserted to be nondischargeable, and how they arose. The Separation Agreement and the Decree of Divorce of Dissolution is not presented to us. Accordingly, the motion is overruled.

We could speculate about what is involved here. That is, there may have been a marital home with a mortgage on it, upon which both parties were liable. That home could have been conveyed to plaintiff as part of the divorce. Further, we could speculate that defendant's obligation to hold harmless extended to the mortgage obligation, and that defendant had failed to make such payments. We will comment for the guidance of the parties in case the assumed facts we have recited bear any resemblance to actuality that we are inclined to the view that the obligation in respect to the home is nondischargeable. (The parties should be aware that in the event that a trial occurs, we will not be bound by the foregoing suggested outcome, since it is based on assumed facts only.) Defendant contends that plaintiff is receiving sufficient income to make a home for and provide for her children. Clearly, if she were obliged to make the payments on the very substantial mortgage obligation on the home, the support would cease to be adequate. In suggesting this informal opinion, we are mindful that defendant could, if his circumstances warranted it, resort to the Domestic Relations Court for relief in respect to his obligations by way of alimony, maintenance and support.

The motion for summary judgment is DENIED.

SO ORDERED.